David Abrams, Attorney at Law
P.O. Box 3353 Church Street Station
New York, New York 10008
Tel. 212-897-5821
dnabrams@wjlf.org

United States District Court
District of Massachusetts

**TO BE SUBMITTED UNDER SEAL**

_____
                                            )
United States of America ex rel.            )
GNGH2, Inc.,                                )
                                            )
                                            )
                                            )
              Plaintiff-Relator,            )
                                            )
         - against -                        )          Index No.:
                                            )
Azumi LLC; Zuma NYC LLC; Zuma               )          **COMPLAINT**
Las Vegas LLC; Zuma Japanese Restaurant     )
Miami LLC; Nusret New York LLC;             )
Nusret Miami LLC; Inko Nito                 )
Garey St. LLC; and Beach Chu                )
Hallandale LLC                              )
                                            )
              Defendant.                    )
_____)

        Plaintiff-Relator, complaining of the Defendant by its attorney, David Abrams, Attorney

at Law, respectfully sets forth and alleges as follows:

I.      **Nature of the Case**

1.      This is a false claims act claim.  The Qui Tam Plaintiff and Relator, GNGH2, Inc.

("Relator"), alleges that the Defendants fraudulently obtained disaster relief.

**[continued on next page]**

## II.    Parties

2.    Defendants are a set of limited liability companies which, at all times relevant to this matter, operated restaurants with the following names and locations:

| Defendant | Restaurant | Location |
|---|---|---|
| Azumi LLC | Zuma Boston | Boston, Massachusetts |
| Zuma NYC LLC | Zuma New York | New York, New York |
| Zuma Las Vegas LLC | Zuma Las Vegas | Las Vegas, Nevada |
| Zuma Japanese Restaurant Miami LLC | Zuma Miami | Miami, Florida |
| Nusret New York LLC | Nusr-Et New York | New York, New York |
| Nusret Miami LLC | Nusr-Et Miami | Miami, Florida |
| Inko Nito Garey St. LLC | Inko Nito | Los Angeles, California |
| Beach Chu Hallandale LLC | Etaru Hallandale | Hallandale Beach, Florida |

3.    Relator GNGH2, Inc. ("Relator" or "Plaintiff") is a New Jersey business corporation with a principle place of business in the State of New Jersey.

## III.    Compliance With Requirements of Suit

4.    This matter has been or will be filed under seal pursuant to 31 U.S.C. Section 3730(b); at or about the same time, a copy of the Complaint and Relator's disclosure of evidence were or will be served on the Department of Justice and the United States Attorney for this District.

5.    Relator will not serve the Complaint or any other papers in this matter until and unless it becomes unsealed.  Thus, if the Complaint is served on the Defendant, it means that the matter has been duly unsealed.

## IV.    Jurisdiction and Venue

6.    This Court has jurisdiction pursuant to 31 U.S.C. Section 3732(a) which provides that this type of action may be brought in any district where the Defendant resides or transacts business.

7.    In this case, Defendant Azumi LLC operates a restaurant at 1 Dalton Street, Boston, Massachusetts 02115. To be clear, this office is not the basis of personal jurisdiction.  Since the False Claims Act is a national service-of-process statute, personal jurisdiction is based on the Defendant's contacts with the United States as a whole and not just Massachusetts. Massachusetts is simply the chosen venue.

## V.    The Fraudulent Scheme

8.    The Defendants received Coronavirus-related disaster relief as follows:

**Second-Round PPP Relief:**

| Defendant | Date | Amount | Loan # | Forgiven |
|---|---|---|---|---|
| Azumi LLC | 2/13/21 | $1,186,973 | 8220638403 | 12/23/21 |
| Zuma NYC LLC | 2/13/21 | $2,000,000 | 8252728400 | 12/30/21 |
| Zuma Las Vegas LLC | 2/13/21 | $1,584,375 | 8321088403 | 1/19/22 |
| Zuma Japanese Restaurant Miami LLC | 3/12/21 | $2,000,000 | 9073968510 | 12/17/21 |
| Nusret New York LLC | 3/23/21 | $2,000,000 | 6492478604 | 7/21/22 |
| Nusret Miami LLC | 3/12/21 | $1,842,347 | 9944928505 | 7/25/22 |
| Inko Nito Garey St. LLC | 2/13/21 | $331,505 | 8355658406 | |
| Beach Chu Hallandale LLC | 3/1/21 | $767,927 | 5649748509 | 12/22/21 |
| Total: | | $11,713,127 | | |

**Restaurant Relief:**

| Defendant | Date | Amount | Grant Number |
|---|---|---|---|
| Zuma NYC LLC | 6/7/21 | $5,000,000 | 9948379009 |
| Zuma Las Vegas LLC | 6/7/21 | $3,277,755 | 9950009002 |
| Total: | | $8,277,755 | |

9.      The Defendants are all part of a large international restaurant chain known as D.ream or D.ream International ("D.ream") which operates more than 100 restaurants throughout the world.

10.      D.Ream is the majority owner of a UK entity called "Azumi Limited" ("Azumi Limited" or "Azumi Restaurant Group") which is the primary owner and operator of Defendants Azumi LLC; Zuma NYC LLC; Zuma Las Vegas LLC; Zuma Japanese Restaurant Miami LLC; Inko Nito Garey St. LLC; and Beach Chu Hallandale LLC (the "Azumi Defendants").

11.      Azumi Limited owns between 80% and 100% of each of the Azumi Defendants as well as numerous other restaurants in the Azumi Restaurant Group throughout the world.  In particular, Azumi Limited is the sole owner and operator of the Zuma restaurant in Hong Kong Special Administrative Region of the People's Republic of China.

12.      Thus, both D.ream and Azumi limited have significant operations in the Hong Kong Special Administrative Region of the People's Republic of China.

13.      Additionally, Defendants Nusret New York LLC and Nusret Miami LLC (the "Nusr-Et Defendants") are owned more than 20% by D.ream.

14.      The Defendants were ineligible for some or all the above-described disaster relief for the following reasons:

15.     First, all of the Defendants are owned more than 20% by entities which have significant

operations in the Hong Kong Special Administrative Region of the People's Republic of China

and are therefore ineligible for second-round PPP disaster relief.

16.     Second, all of the Azumi Defendants are majority owned by Azumi Limited and are

therefore subject to the $4,000,000 cap for second-round PPP relief for corporate groups.  The

Azumi Defendants received approximately $7.8 million in second-round PPP disaster relief.

17.     Finally, Defendants Zuma NYC LLC and Zuma Las Vegas LLC and their affiliates had

more than 20 locations as of March 2020 and were therefore ineligible for the RRF grants they

received.

## VI.     The Fraudulent Statements

18.     In order to receive the second-round PPP relief described above, each Defendant had to

complete form 2483-SD and certify as follows:

> The Applicant is not a business concern or entity (a) for which an entity created in or
> organized under the laws of the People's Republic of China or the Special Administrative
> Region of Hong Kong, or that has significant operations in the People's Republic of
> China or the Special Administrative Region of Hong Kong, owns or holds, directly or
> indirectly, not less than 20 percent of the economic interest of the business concern or
> entity, including as equity shares or a capital or profit interest in a limited liability
> company or partnership; or (b) that retains, as a member of the board of directors of the
> business concern, a person who is a resident of the People's Republic of China

19.     These certifications were all false for the reasons set forth above.

20.     Additionally, in order to receive the second-round PPP relief described above, each

Defendant had to complete form 2483-SD and certify as follows:

> The Applicant is eligible to receive a loan under the rules in effect at the time this
> application is submitted that have been issued by the Small Business Administration
> (SBA) and the Department of the Treasury (Treasury) implementing Second Draw
> Paycheck Protection Program Loans under Division A, Title I of the Coronavirus Aid,
> Relief, and Economic Security Act (CARES Act) and the Economic Aid to Hard-Hit
> Small Businesses, Nonprofits, and Venues Act (the Paycheck Protection Program Rules).

21.    These certifications were false due to the $4 million cap described above.  Thus, for
example, when Defendant Beach Chu Hallandale LLC completed form 2483-SD on or about
March 1, 2021, the other members of its corporate group had already received some $4.7 million
in second-round PPP relief and therefore this Defendant falsely certified as to its eligibility.  The
same applies to Defendant Zuma Japanese Restaurant Miami LLC in connection with its
application for second-round PPP relief on or about March 12, 2021.

22.    Finally, in order to receive the RRF grants described above, Defendants Zuma NYC LLC
and Zuma Las Vegas LLC had to certify "no" in response to the following:

> [The applicant's business] as of March 13, 2020 owns or operates (together with
> any affiliated business) more than 20 locations, regardless of whether those
> locations do business under the same or multiple names.

23.    These certifications was false for the reasons set forth above.

24.    As a result of these fraudulent certification, Defendants received some $19,990,882 in
funds of the United States.

**VI.    Cause of Action**

25.    The False Claims Act imposes liability on a person or entity who " knowingly makes,
uses, or causes to be made or used, a false record or statement material to a false or fraudulent
claim"  31 U.S.C. Section 3729(a)(1)(B)

26.    The Courts have held that this can include false statements regarding eligibility to
participate in a program.  See *United States ex rel. Kirk v. Schindler Elevator Corp.,*  601 F.3d
94, 116 (2d Cir. 2010), rev'd on other grounds, 131 S.Ct. 1885 (2011) ("[C]laims may be false
even though the services are provided as claimed if, for example, the claimant is ineligible to
participate in the program.")

27.    Thus, the certification of Defendants violated the False Claims Act because they were false and necessary for the receipt of the monies described above.

**VII.    Relief Sought**

28.    On behalf of the government, Relator is seeking judgment for  the triple damages and civil penalties set forth in 31 U.S.C. Section 3729.

**[continued on next page]**

29.     Accordingly, Relator seeks judgment against the Defendants for the following amounts, together with appropriate costs, fees, interest and an appropriate relator share:

| Defendant | Amount |
|---|---|
| Azumi LLC | $3,560,919 |
| Zuma NYC LLC | $21,000,000 |
| Zuma Las Vegas LLC | $14,586,390 |
| Zuma Japanese Restaurant Miami LLC | $6,000,000 |
| Nusret New York LLC | $6,000,000 |
| Nusret Miami LLC | $5,527,041 |
| Inko Nito Garey St. LLC | $994,515 |
| Beach Chu Hallandale LLC | $2,303,781 |

Respectfully submitted,

_____

David Abrams, Attorney at Law
 Attorney for Relator
GNGH2, Inc.

P.O. Box 3353 Church Street Station
New York, NY 10008
Tel. 212-897-5821
dnabrams@wjlf.org

Dated: New York, NY
        October 24, 2022